*Shuli,* 525 A.2d at 8 (emphasis added). The court further noted:

> Inasmuch as the hearing judge stated that he had actual knowledge of the content of the pleadings, he was bound to consider them in adjudicating the matter before him.

*Id.*

Here, the lower court was clearly aware of the pleadings and the attachments thereto which contained Candidate's filed financial statements as well as the basis for her standing to object. For the court to have seemingly considered the financial statement documents at the hearing and then render a decision noting that they were not technically in evidence was, as Objector notes, disingenuous and should not stand. Additionally, the court's demand that Objector present evidence regarding her standing when she averred in her signed and verified petition, which was neither replied to or objected to, that she was a resident and registered democrat in Candidate's legislative district, was clearly improper. Thus, I believe the lower court erred in failing to properly consider Objector's substantive claims premised on these improper bases. Accordingly, I would reverse its decision and remand for a decision on the merits.

Justice CASTILLE and Justice BALDWIN join this dissenting statement.

**In re S.J., a Minor.**

**Petition of the Allegheny County Office of Children, Youth and Families.**

Supreme Court of Pennsylvania.

April 18, 2006.

## ORDER

PER CURIAM.

AND NOW, this 18th day of April, 2006, the Petition for Allowance of Appeal is hereby GRANTED only with respect to Petitioner's claim that the Superior Court failed to consider *Curtis v. Kline*, 542 Pa. 249, 666 A.2d 265 (1995). The case is REMANDED to the Superior Court, which shall consider and address Petitioner's argument that the trial court's order cannot be reconciled with this Court's decision in *Curtis*. Furthermore, Respondent's "Application to Vacate Supersedeas" is hereby DENIED.